# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BRUD ROSSMAN, | CASE NO. 15cv2693-LAB (MDD) |
|---|---|
| Plaintiff, | **ORDER DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS*; **AND** |
| vs. | |
| ANTHONY SCARAMUCCI, | **ORDER OF DISMISSAL** |
| Defendant. | |

    Plaintiff Brud Rossman, proceeding *pro se*, filed a complaint along with a motion to proceed *in forma pauperis*.

    The motion says he has had no income of any kind (including gifts or income from any other sources) for the past 12 months and has no assets.  It represents that his expenses for food, transportation, clothing, and medical care are $1,000 per month, and that he is $25,000 in debt.  The motion does not explain how, in the absence of any income, assets, or assistance form anyone else, he is paying these expenses.  The caption and body of the complaint show he is living in an upscale apartment complex in San Diego.  (Compl. at p. 1 and ¶ 13.)  His address is in care of Sawtooth Capital, LLC, though nothing in the motion or complaint explain what his relationship to this company is.  The body of the complaint also refers to real property he owns in this District.  (Compl., ¶ 13.)  Because the motion is incomplete and fails to establish Rossman cannot pay the filing fee, it is **DENIED**.

1     If Rossman is not actually impoverished, the Court would be required to dismiss the case.  *See* 28 U.S.C. § 1915(e)(2)(A).  But even assuming Rossman were able to successfully amend his motion and it were granted, the Court would be required to screen the complaint and to dismiss it to the extent it fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Moreover, the Court is under a continuing obligation to confirm its own jurisdiction, *sua sponte* if necessary.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).  Furthermore, the Court may inquire into the issue of venue, and may dismiss a case *sua sponte* for improper venue, provided the issue has not already been waived.  *See generally Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986).

    The complaint alleges Rossman is an honors graduate of Harvard Law School, and a licensed attorney, and does not suffer from any mental disability. (Compl. at p. 1 and ¶¶ 1, 22, 26.) It also alleges Defendant Anthony Scaramucci stole money, real property, and personal property from Rossman via some kind of complicated Ponzi scheme over a period of years. The complaint invokes diversity jurisdiction and federal question jurisdiction, and supplemental jurisdiction, as well as citing 28 U.S.C. § 1343 as conferring jurisdiction. (Compl., ¶¶ 12, 16, 18.)  But the complaint does not cite any federal law as giving rise to Rossman's claim, nor is it apparent why theft of Rossman's property would be remediable under any federal law.  While the caption gives a San Diego address for Rossman and a New York address for the Defendant (Compl. at 1), the parties are not alleged to be diverse. (*Id.*, ¶ 13 (alleging Rossman resides in this District), and ¶ 27 (alleging Defendant resides in this District).)  Section 1346 is inapplicable.  In short, the complaint does not invoke the Court's jurisdiction.

    As for venue, the complaint merely says it is proper under 28 U.S.C. § 1391, without alleging any facts that would explain why.  The complaint refers obliquely to events that occurred in various different places, though none were alleged to have occurred in this District.  And it does not make clear where the Defendant resides or can be found. (*Compare* Compl. at p. 1 (giving a New York address for Defendant) and ¶ 27 (alleging Defendant resides in this District).)

Finally, while the 30-page Complaint darkly hints at fraud, theft, and other wrongdoing, it fails to allege what Defendant did, and why Defendant is liable to Rossman. The many attachments include emails about Rossman's taxes, and copies of documents attesting to Rossman's learning and past accomplishments, none of which sheds any light on the complaint. One section of exhibits, labeled "Section 2" and styled "Select Proof of Scaled Theft, to Include IRS Findings in Favor of Brud Rossman on Theft or Casualty Bases."[1] Whatever it was intended to prove, it consists of a blank IRS form, two pages of an unidentified printout, a receipt for certified mail to the IRS, and an email to a university dean, all hand-annotated. After this are some copies of blurry photographs with inscrutable captions, identified as proof of Rossman's medical handicap.

Fed. R. Civ. P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each averment of a complaint "be simple, concise, and direct." This rule's basic requirements ensure that a complaint will provide a defendant with sufficient notice of the claims against him. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Here, the Complaint is rambling and unclear, and fails to give notice of what the claims are.

A review of caselaw shows Rossman filed complaints in at least two other Districts, dealing with different claims but all suffering from similar defects and dismissed for similar reasons. *See Rossman v. Leader*, 2013 WL 6327823 (D.D.C., Dec. 2, 2013) (dismissing complaint for battery, and noting that venue appeared to be improper); *Rossman v. Chase Home Finance*, 2012 WL 2580584 (D.D.C., June 29, 2012) (dismissing complaint relating to allegedly unlawful foreclosure and bank's operation of Ponzi scheme, and noting that venue appeared to be improper); *Rossman v. Stelzel*, 2011 WL 4916898 (E.D.N.Y., Oct. 13, 2011) (dismissing as frivolous Rossman's complaint seeking to stay state court eviction proceedings).

/ / /

---

[1] The exhibits are not consecutively numbered, but this section can be found at Docket no. 1, pp. 56–61.

Because Rossman has failed to pay the filing fee or successfully move to proceed *in forma pauperis*, the complaint is subject to dismissal. It is also subject to dismissal for lack of jurisdiction, improper venue, and failure to state a claim. The Complaint is therefore **DISMISSED**. No later than **December 16, 2015**, he must pay the filing fee or file a renewed motion for leave to proceed *in forma pauperis*, and he must file an amended complaint that remedies the defects this order has identified. If he does not do so within the time permitted, or if his amended complaint does not correct all the defects this order has identified, this action will be dismissed without leave to amend.

**IT IS SO ORDERED**.

DATED: December 7, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge